### MURTAGH v. SULLIVAN et al.

(Supreme Court, Special Term, St. Lawrence County. December 20, 1911.)

BANKRUPTCY (§ 156*)—PENDING ACTIONS—SUBSTITUTION OF TRUSTEE.

Code Civ. Proc. § 756, provides that, notwithstanding a transfer of interest, an action may be continued by or against the original party, unless the court directs the person to whom the interest is transferred or on whom the liability is devolved to be substituted for or joined with the original party. Section 3268 declares that a defendant may require security for costs where plaintiff is an assignee in bankruptcy, or where the action is brought on a cause of action arising before the assignment or appointment of the trustee or an adjudication in bankruptcy. *Held*, that where prior to plaintiff's adjudication as a bankrupt he had sued to foreclose a mechanic's lien against the contractor and a church society, and, after the adjudication in bankruptcy, judgment for costs was rendered against plaintiff in favor of such society, plaintiff therefore was not entitled to have his trustee substituted as plaintiff so far as his liability to the church society for costs was concerned; there being no suggestion of a desire to appeal, and the only purpose of motion being to avoid payment of the judgment properly obtained.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 240–246; Dec. Dig. § 156.*]

Action by Patrick J. Murtagh against John J. Sullivan and St. Andrews Roman Catholic Church of Norwood, N. Y. On plaintiff's mo-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tion to substitute his trustee in bankruptcy as the plaintiff in the action. Motion denied.

B. W. Berry, for the motion.
Willis J. Fletcher, opposed.

J. A. KELLOGG, J. This action is brought to foreclose a mechanic's lien for balance due the plaintiff as subcontractor for services in building the church edifice of the defendant, the St. Andrews Roman Catholic Church of Norwood, N. Y., erected under a contract between said church and the defendant John J. Sullivan. The action has been terminated in favor of the plaintiff and against the defendant Sullivan, but adversely to the plaintiff in favor of the defendant the St. Andrews Roman Catholic Church. As a result the defendant the St. Andrews Roman Catholic Church obtained a judgment for costs against the plaintiff.

During the pendency of the action, the plaintiff was adjudicated a bankrupt, and one Le Roy M. Kellas was appointed his trustee. Upon a motion made after the rendition of the judgment against the defendant Sullivan in this action, the court substituted the trustee in place of the original plaintiff, Murtagh, so far as the judgment against that defendant was concerned, holding that the cause of action had passed to the trustee by reason of the bankruptcy proceedings. The plaintiff now moves, with the consent of the trustee, for the substitution in his place and stead of the latter, so far as the liability under the judgment for costs obtained by the defendant St. Andrews Roman Catholic Church of Norwood is concerned.

Section 756, Code Civ. Proc., which is in question, permits the action to be continued by the original party, unless the court directs the substitution of the real party in interest. The plaintiff saw fit to permit the action to be continued to final judgment in his own name. If application had been made during the pendency of the action to substitute the trustee, the court would undoubtedly have imposed as a condition that security for costs be given as required by section 3268 of the Code of Civil Procedure, and this may explain the reason why such application was not made during the pendency of the action. It was conceded upon the argument, although it does not appear from the motion papers, that during the trial before the referee a motion was made on behalf of the plaintiff requesting the referee to substitute the trustee as a party in his stead. This procedure the defendant objected to, and very properly so, as the application could only be made to the court which had power to impose proper conditions for the protection of the defendant in case the relief was granted, and the application was denied by the referee.

There is much force in the suggestion that the court has neither constitutional nor statutory power after judgment to substitute in place of a judgment debtor who may be solvent a judgment debtor who may be insolvent against the wishes of the judgment creditor. But assuming, while not holding, that the court has such power of substitution, it should certainly not be exercised in this case on the application of the plaintiff whose only object is to be relieved of the

judgment for costs, substituting in his stead his trustee, the ability to collect from whom is very problematical. There is no suggestion of a desire to appeal in the matter, and the only purpose of the motion seems to avoid payment of a judgment properly obtained.

The attention of the court has been called by plaintiff's counsel to the decision of Veiller v. Brown, 1 Month. Law Bul. 49. In that case the trustee in bankruptcy proposed to take an appeal, and himself made an application of substitution for that purpose. If such procedure was contemplated in this case, the application would be upon a somewhat different footing, and, if the court decided that it had power to grant the relief, it could, undoubtedly, impose as a condition the giving of such security as would amply protect the defendant in case the judgment appealed from should be affirmed, both as to the payment of costs of appeal and the original judgment.

The motion should be denied, with $10 costs.